BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
RAYMOND E. PATRICCO, DISTRICT OF COLUMBIA BAR NO. 454792
ASSISTANTS UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV, SUITE 600
800 EAST PARK BOULEVARD
BOISE, IDAHO 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

**U.S. COURTS**

**NOV 1 5 2018**

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID HANSEN, <br><br> Defendant. | Case No. **CR 18-0346-E DCN** <br><br> **INDICTMENT** <br><br> 18 U.S.C. § 981(a)(1)(C) <br> 18 U.S.C. § 982(a)(2)(A) <br> 18 U.S.C. § 1343 <br> 26 U.S.C. § 7206(2) <br> 28 U.S.C. § 2461 |

The Grand Jury charges:

## **GENERAL ALLEGATIONS**

1.      At all times relevant to the Indictment, the Defendant, DAVID HANSEN, was the

Chief Executive Officer and majority owner of Yellowstone Partners, LLC, an investment

management firm headquartered in Idaho Falls, Idaho.

**INDICTMENT - 1**

2.      Clients of Yellowstone Partners entrusted their monies to Yellowstone Partners to invest and manage on their behalf.  In exchange, Yellowstone Partners earned fees for its services.

3.      Yellowstone Partners' fees were set forth in management agreements between Yellowstone Partners and its clients.

4.      Yellowstone Partners' clients' monies were kept in accounts at third party custodian financial institutions (each a "Third Party Custodian").  Yellowstone Partners directed how the monies in the client accounts were invested and how they were disbursed.  This included submitting billing requests to the Third Party Custodian to take fees from client accounts and to deposit them into Yellowstone Partners' own accounts.

5.      Yellowstone Partners had a process for submitting client billing requests to Third Party Custodians.  Outside of this process, the Defendant personally submitted or directed certain employees of Yellowstone Partners to submit client billing requests to Third Party Custodians.

## COUNTS ONE THROUGH SEVENTEEN

### Wire Fraud
### 18 U.S.C. § 1343

6.      The allegations set forth in Paragraphs 1 through 5 are hereby realleged as if fully set forth herein.

7.      From an unknown date, but at least starting in August of 2008, until April of 2016, in the District of Idaho, the Defendant, DAVID HANSEN, knowingly devised, participated in, and intended to devise a scheme  to defraud, as to material matters, clients of Yellowstone Partners, LLC, and to obtain money and property belonging to the clients by means of materially false and fraudulent pretenses, representations, and promises, and to misappropriate without authority money and property belonging to individual clients.

INDICTMENT - 2

*Manner and Means*

8.     In order to further the objects and goals of the scheme, the Defendant used the following manner and means, among others:

9.     The Defendant personally submitted fraudulent billing requests, via email, to a Third Party Custodian, R.J., resulting in the transfer to himself and Yellowstone Partners of client funds to which neither the Defendant nor Yellowstone Partners were entitled.

10.     HANSEN directed Yellowstone Partners employees, including C.H., to submit fraudulent billing requests, via email, to a Third Party Custodian, R.J., resulting in the transfer to himself and Yellowstone Partners of client funds to which neither the Defendant nor Yellowstone Partners were entitled.

11.     It was part of the Defendant's scheme to lie to clients who questioned the Defendant and Yellowstone Partners about overbillings in their accounts by, among other things, blaming the fraudulent billings on errors either internal to Yellowstone Partners or on errors committed by Third Party Custodian R.J.

*Executions of the Scheme*

12.     On or about the respective dates below, in the District of Idaho and elsewhere, the Defendant, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below, each transmission constituting a separate count of this Indictment:

| COUNT | DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | Aug. 25, 2008 | Fee request email from DAVID HANSEN to R.J., attaching "Aug25.xls" spreadsheet |

INDICTMENT - 3

| 2 | Sep. 23, 2010 | Fee request email from DAVID HANSEN to R.J., attaching "Septfees.xlsx" spreadsheet |
|---|---|---|
| 3 | Feb. 9, 2011 | Fee request email from DAVID HANSEN to R.J., attaching "advisoryfeesfeb.xlsx" spreadsheet |
| 4 | Mar. 16, 2011 | Fee request email from C.H. to R.J. with subject line "Origination Fee and Don Wiscomb REVERSALS" |
| 5 | May 25, 2011 | Fee request email from C.H. to R.J., attaching "Advisory Fees 5.25.2011.xlsx" spreadsheet |
| 6 | Aug. 15, 2011 | Fee request email from DAVID HANSEN to R.J., attaching "advisoryfeesaug.xlsx" spreadsheet |
| 7 | Sep. 1, 2011 | Fee request email from C.H. to R.J., attaching "Advisory Fees 9.1.2011.xlsx" spreadsheet |
| 8 | July 25, 2012 | Fee request email from DAVID HANSEN to R.J., attaching "july2012fees.xlsx" spreadsheet |
| 9 | May 15, 2013 | Fee request email from C.H. to R.J., attaching "5.15.2013 e-mailed in.xlsx" spreadsheet |
| 10 | May 28, 2013 | Fee request email from C.H. to R.J.. with subject line "Origination fee" |
| 11 | June 19, 2013 | Fee request email from DAVID HANSEN to R.J., attaching "June2013fees.xlsx" spreadsheet |
| 12 | Aug. 29, 2013 | Fee request email from C.H. to R.J. with subject line "Originations" |
| 13 | Dec. 11, 2013 | Fee request email from DAVID HANSEN to R.J., attaching "dec112013fees.xlsx" spreadsheet |

**INDICTMENT - 4**

| 14 | June 17, 2014 | Fee request email from DAVID HANSEN to R.J., attaching "june2014fees.xlsx" spreadsheet |
| 15 | Oct. 27, 2014 | Fee request email from C.H. to R.J., attaching "10.27.2014.xlsx" spreadsheet |
| 16 | Apr. 8, 2015 | Fee request email from DAVID HANSEN to R.J., attaching "April72015.xlsx" spreadsheet |
| 17 | Mar. 16, 2016 | Fee request email from DAVID HANSEN to R.J., attaching "March162016.xlsx" spreadsheet |

All in violation of Title 18, United States Code, Section 1343.

## COUNT EIGHTEEN

**Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return, Statement, or Other Document**

**26 U.S.C. § 7206(2)**

On or about September 16, 2013, in the District of Idaho, the Defendant, DAVID HANSEN, a resident of Idaho Falls, Idaho, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Return of Partnership Income, Form 1065, of Yellowstone Partners, LLC, for the calendar year 2012. The return was false and fraudulent as to a material matter, in that it stated on Line 1A that the amount of Yellowstone Partners, LLC's gross receipts or sales was $5,958,787.00, whereas, as the Defendant then and there knew, the amount of Yellowstone Partners, LLC's gross receipts and sales for calendar year 2012 was significantly greater.

In violation of Title 26, United States Code, Section 7206(2).

INDICTMENT - 5

## COUNT NINETEEN

**Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return, Statement, or Other Document**

**26 U.S.C. § 7206(2)**

On or about October 15, 2013, in the District of Idaho, the Defendant, DAVID

HANSEN, a resident of Idaho Falls, Idaho, did willfully aid and assist in, and procure, counsel,

and advise the preparation and presentation to the Internal Revenue Service, of his joint U.S.

Individual Income Tax Return, Form 1040, for the calendar year 2012. The return was false and

fraudulent as to a material matter, in that it stated on Line 17 that partnership income was

$877,390.00, whereas, as the Defendant then and there knew, partnership income for calendar

year 2012 was significantly greater.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT TWENTY

**Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return, Statement, or Other Document**

**26 U.S.C. § 7206(2)**

On or about October 15, 2013, in the District of Idaho, the Defendant, DAVID

HANSEN, a resident of Idaho Falls, Idaho, did willfully aid and assist in, and procure, counsel,

and advise the preparation and presentation to the Internal Revenue Service, of his joint U.S.

Individual Income Tax Return, Form 1040, for the calendar year 2012. The return was false and

fraudulent as to a material matter, in that it stated on Line 22 that total income was

$1,610,780.00, whereas, as the Defendant then and there knew, total income for calendar year

2012 was significantly greater.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT TWENTY-ONE

**Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return, Statement, or Other Document**

**26 U.S.C. § 7206(2)**

On or about August 28, 2014, in the District of Idaho, the Defendant, DAVID HANSEN, a resident of Idaho Falls, Idaho, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Return of Partnership Income, Form 1065, of Yellowstone Partners, LLC for the calendar year 2013. The return was false and fraudulent as to a material matter, in that it stated on Line 1A that the amount of Yellowstone Partners, LLC's gross receipts or sales was $6,903,718.00, whereas, as the Defendant then and there knew, the amount of Yellowstone Partners, LLC's gross receipts and sales for calendar year 2012 was significantly greater.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT TWENTY-TWO

**Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return, Statement, or Other Document**

**26 U.S.C. § 7206(2)**

On or about September 3, 2014, in the District of Idaho, the Defendant, DAVID HANSEN, a resident of Idaho Falls, Idaho, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of his joint U.S. Individual Income Tax Return, Form 1040, for the calendar year 2013. The return was false and fraudulent as to a material matter, in that it stated on Line 17 that partnership income was $441,378.00, whereas, as the Defendant then and there knew, partnership income for calendar year 2013 was significantly greater.

INDICTMENT - 7

In violation of Title 26, United States Code, Section 7206(2).

## COUNT TWENTY-THREE

### Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return, Statement, or Other Document

### 26 U.S.C. § 7206(2)

On or about September 3, 2014, in the District of Idaho, the Defendant, DAVID

HANSEN, a resident of Idaho Falls, Idaho, did willfully aid and assist in, and procure, counsel,

and advise the preparation and presentation to the Internal Revenue Service, of his joint U.S.

Individual Income Tax Return, Form 1040, for the calendar year 2013.  The return was false and

fraudulent as to a material matter, in that it stated on Line 22 that total income was $787,733.00,

whereas, as the Defendant then and there knew, total income for calendar year 2013 was

significantly greater.

In violation of Title 26, United States Code, Section 7206(2).

## CRIMINAL FORFEITURE ALLEGATION

### Wire Fraud Forfeiture

### 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A); 28 U.S.C. § 2461

Upon conviction of the offenses alleged in Counts One through Sixteen of this

Indictment, in violation of 18 U.S.C. § 1343, the Defendant, DAVID HANSEN, shall forfeit to

the United States any and all property, real and personal, tangible and intangible, consisting or

derived from any proceeds the said defendant obtained directly or indirectly as a result of the

foregoing offenses.  The property to be forfeited includes, but is not limited to, the following:

1. <u>Unrecovered Cash Proceeds and/or Facilitating Property</u>.  The defendant obtained

and controlled unrecovered proceeds of the offense of conviction, or property derived from or

traceable to such proceeds, and property the defendant used to facilitate the offense, but based

upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable. The defendant obtained and controlled at least $9,448,941.00 in unrecovered forfeitable property.

2.    <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a.    Cannot be located upon the exercise of due diligence;

    b.    Has been transferred or sold to, or deposited with, a third person;

    c.    Has been placed beyond the jurisdiction of the court;

    d.    Has been substantially diminished in value; or

    e.    Has been commingled with other property which cannot be subdivided without difficulty.

Dated this ___14___ day of November, 2018

A TRUE BILL

/s/ [signature on reverse]
_____
Foreperson


BART M. DAVIS
United States Attorney
By:

_____
Joshua D. Hurwit
Raymond E. Patricco
Assistants United States Attorney


INDICTMENT - 9