BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
RAYMOND E. PATRICCO, DISTRICT OF COLUMBIA BAR NO. 454792
ASSISTANTS UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 WEST MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:18-cr-00346-DCN |
| Plaintiff, | **THE UNITED STATES OF AMERICA'S NOTICE OF INTENT REGARDING FORFEITURE AND RESTITUTION** |
| vs. | |
| DAVID HANSEN, | |
| Defendant. | |

The United States of America, by and through, Bart M. Davis, United States Attorney for the District of Idaho, and Kevin T. Maloney, Joshua D. Hurwit, and Raymond E. Patricco, the undersigned Assistant United States Attorneys for the District of Idaho, hereby files this notice regarding its intent to address forfeiture and restitution at sentencing.

**NOTICE OF INTENT REGARDING FORFEITURE AND RESTITUTION - 1**

The Government sought a Preliminary Order of Forfeiture, prior to sentencing, as required by Federal Rule of Criminal Procedure 32.2.[1]  (ECF No. 129.)  The Rule states that, unless impractical, the Court "must" enter an order "in advance of sentencing" allowing the parties sufficient time to object.  Fed. R. Crim. P. 32.2(b)(2)(B).

The Court entered the Preliminary Order of Forfeiture (ECF No. 130).  Rule 32.2 also directs that the Preliminary Order of Forfeiture is not final until sentencing.  Fed. R. Crim. P. 32.2(b)(4)(A).  Thus, it allows for the parties to argue the forfeiture amount; and it anticipates that the Court will evaluate the arguments, and finalize the order, at the sentencing hearing.

In this case, the parties dispute—and will contest at the sentencing hearing—the amount of forfeiture and restitution.  The Government will file a sentencing memorandum addressing these issues.

---

[1]  The rule outlines the Court's obligation to order forfeiture, from which stems the Preliminary Order of Forfeiture:

> Entering a Preliminary Order of Forfeiture.
>
> (1) Forfeiture Phase of the Trial.
>
> (A) Forfeiture Determinations.  As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.  If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.  If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.
>
> (B) Evidence and Hearing.  The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.  If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

Fed. R. Crim. P. 32.2(b).

**NOTICE OF INTENT REGARDING FORFEITURE AND RESTITUTION - 2**

In the Plea Agreement, "the parties agree[d] to a forfeiture judgment in the amount of restitution ordered by the Court at the time of sentencing." (ECF No. 116 at 5.) The Government stands by that agreement and will ask for a forfeiture amount no higher than the amount that the Court orders for restitution.

The Government is aware that the Defendant is concerned that the Preliminary Order of Forfeiture states that it is "final" as to the Defendant. This is simply meant to refer to Rule 32.2(b)(4)(A), which puts a defendant on notice that his time to appeal begins to run when the Preliminary Order is finalized at sentencing (or earlier, if the defendant consents, but that is not the case here). *See* ECF No. 130, n.1 (citing Fed. R. Crim. P. 32.2(b)(4)); Fed. R. Crim. P. 32.2(b)(4)(A) & (C). As explained in the 2009 Committee Notes:

> Subdivision (b)(2)(B). This new subparagraph focuses on the timing of the preliminary forfeiture order, stating that the court should issue the order "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final." Many courts have delayed entry of the preliminary order until the time of sentencing. This is undesirable because the parties have no opportunity to advise the court of omissions or errors in the order before it becomes final as to the defendant (which occurs upon oral announcement of the sentence and the entry of the criminal judgment).

In sum, the Government's submission of the Preliminary Order of Forfeiture was not intended to—and by rule, cannot—prevent the Defendant from opposing the Government's forfeiture request, which, under the Plea Agreement in this case, the parties agreement will be the same as the Court's restitution order. The restitution amount and, by extension, the forfeiture amount will be addressed by both parties at the sentencing.

**NOTICE OF INTENT REGARDING FORFEITURE AND RESTITUTION - 3**

Respectfully submitted this 26th day of March, 2020.

                                      BART M. DAVIS
                                      United States Attorney
                                      By:

                                      _____
                                      s/ Kevin T. Maloney
                                      s/ Joshua D. Hurwit
                                      s/ Raymond E. Patricco
                                      Assistants United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 26, 2020, the foregoing **THE UNITED STATES OF AMERICA'S NOTICE OF INTENT REGARDING FORFEITURE AND RESTITUTION** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Joel Michael Hammerman<br>Joel.hammerman@faegrebd.com | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ Email |

                                                   */s/ Morgan McReynolds*
                                                   Legal Assistant